# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

THE STATE OF ARIZONA,   )
           )
  Petitioner,     )
           )
   v.      )  Case No. 13-1237
           )
ERIC H. HOLDER, JR.,   )
in his official capacity as   )
Attorney General of the United States )
           )
  Respondent.    )
           )

---

# RESPONDENT'S MOTION TO DISMISS
# THE PETITION FOR REVIEW

STUART F. DELERY
 Assistant Attorney General

MICHAEL S. RAAB
SAMANTHA L. CHAIFETZ
 (202) 514-4821
 Attorneys, Appellate Staff
 Civil Division, Department of Justice
 950 Pennsylvania Avenue, N.W., Rm. 7248
 Washington, D.C. 20530

**RESPONDENT'S MOTION TO DISMISS THE PETITION FOR REVIEW**

Respondent Attorney General Holder respectfully moves to dismiss the petition for review filed by the State of Arizona on the ground that it identifies no agency determination subject to review. Moreover, as explained below, even if a basis for this Court's jurisdiction could be identified, the case is not ripe and judicial review would be premature.

## INTRODUCTION AND SUMMARY

In April 2013, the Attorney General for the State of Arizona wrote to Attorney General Holder to request certification under 28 U.S.C. § 2265, a provision of Chapter 154 of Title 28 of the United States Code (28 U.S.C. §§ 2261-2265). In July 2013, the Department of Justice's Intergovernmental Liaison responded to inform Arizona that Attorney General Holder had not yet made any decision and to provide Arizona with information about the status of the decisionmaking process. Arizona has now petitioned for review of the Intergovernmental Liaison's letter, characterizing it as a "decision of Attorney General Holder." Exhibit A (Petition).

Under Chapter 154, if a State provides its indigent capital prisoners with competent counsel during State postconviction proceedings, the State may be certified by the Attorney General of the United States as qualifying for certain procedural benefits during federal capital habeas corpus proceedings.[1] The Attorney General is required to promulgate regulations to implement the certification procedure, and to

---

[1] 28 U.S.C. § 2265 (certification); *see id.* 2261(b)(1)-(2) (requirements for application of special procedures); *see also id.* §§ 2262-64 (procedural benefits).

determine, on a case by case basis, whether a State requesting certification satisfies the criteria. 28 U.S.C. § 2265(a)-(b).

The Intergovernmental Liaison's July 2013 letter to Arizona explained that the Justice Department was in the process of promulgating new regulations, which would establish the procedures and standards the Attorney General would rely on when making certification decisions. The letter explained that, while the rulemaking was being completed, the agency would also begin to review the contents of Arizona's request. *See* Exhibit B (Letter).

Less than one month later, Arizona petitioned for review of the letter, and made clear, in its statement of issues, that it wishes for this Court to rule on the merits—that is, to hold that the State has met the certification requirements of Chapter 154. *See* Exhibit C (Statement of Issues).

The government respectfully moves for dismissal of Arizona's petition. Chapter 154 makes the Attorney General's certification determinations directly reviewable by this Court, 28 U.S.C. § 2265(c)(1), but the letter challenged here—a courtesy communication between the Department of Justice's Intergovernmental Liaison and the State of Arizona—plainly and expressly was no such determination. The letter did no more than inform Arizona that its request was under the agency's consideration, and, indeed, review will now be proceeding pursuant to the Justice Department's final rules regarding implementation of the certification process, which

2

were published on September 23, 2013 at 78 Federal Register 58160. For this reason,

even if the Intergovernmental Liaison's letter had included a reviewable determination,

the case would not be ripe for judicial review at this time.

## STATEMENT

1. Under Chapter 154 of Title 28 of the United States Code, a State that provides

its indigent capital prisoners with competent counsel during their state postconviction

proceedings may be certified by the United States Attorney General to qualify for

certain procedural benefits during federal habeas proceedings in capital cases. 28 U.S.C.

§ 2261. Those benefits—referred to in the United States Code as "special habeas corpus

procedures in capital cases"—include stricter limits on the ability of the State's capital

prisoners to obtain successive stays of execution, on the time in which the State's capital

prisoners may seek federal habeas relief, and on the scope of federal habeas review the

State's capital prisoners may receive. 28 U.S.C. §§ 2262-2264.

If an appropriate State official requests certification, pursuant to 28 U.S.C.

§ 2265(a), the United States Attorney General is responsible for determining whether

the State satisfies the statutory criteria for the application of Chapter 154's special

habeas corpus procedures. To make this determination, the Attorney General must

assess "whether the State has established a mechanism for the appointment,

compensation, and payment of reasonable litigation expenses of competent counsel in

State postconviction proceedings brought by indigent prisoners who have been

sentenced to death," 28 U.S.C. § 2265(a)(1)(A), the date on which that mechanism was established, 28 U.S.C. § 2265(a)(1)(B), and "whether the State provides standards of competency for the appointment of counsel" in those state postconviction proceedings, 28 U.S.C. § 2265(a)(1)(C). *See* 28 U.S.C. § 2265(a)(3) (only requirements for certification are those set forth in Chapter 154).

Section 2265(b) provides that the "Attorney General shall promulgate regulations to implement the certification procedure under subsection (a)." And Section 2265(c)(1) gives this Court exclusive jurisdiction to review "[t]he determination by the Attorney General regarding whether to certify a State under this section."[2]

2. On April 18, 2013, the Attorney General of Arizona wrote to the United States Attorney General to request certification under 28 U.S.C. § 2265.

On July 16, 2013, the Department of Justice's Intergovernmental Liaison responded by letter. The letter explained that the Department was "engaged in a rulemaking process in connection with the requirements of Section 2265." Exhibit B at 1 (citing 76 Fed. Reg. 11705 (Mar. 3, 2011) and 77 Fed. Reg. 7559 (Feb. 13, 2012)). The letter provided a brief description of the content of the proposed regulations. *Ibid.* (explaining that the proposed regulations would set out a certification process in which

---

[2] Before the "special habeas corpus procedures" of Chapter 154 can be applied in any given proceeding involving a State capital prisoner, it must be determined both that the Attorney General has certified the State generally under § 2265 <u>and</u> that the prisoner involved was provided with counsel during postconviction proceedings through the State's certified mechanism (or alternatively that the prisoner validly waived counsel, retained counsel, or was found not to be indigent). 28 U.S.C. § 2261(b)(1)-(2).

4

"the Department would solicit and consider public comments on any request for certification with the goal of enabling the Attorney General to make sound certification decisions …," and would "provide notice to interested parties of the standards that the Attorney General would apply in making certification decisions"). The letter explained that the rulemaking was progressing, *ibid.*, and indeed the proposed rulemaking has since become final. *See* 78 Fed. Reg. 58160 (Sept. 23, 2013) (final rule published).

In composing the letter to Arizona in July 2013, the Department's Intergovernmental Liaison could not predict precisely when the rulemaking would conclude or, relatedly, when a certification decision would be made. But the letter explained that the Department would begin reviewing Arizona's request for certification "on the expectation that it may help speed up the ultimate [certification] determination." Exhibit B at 1 (explaining that, to the extent possible, the Department would attempt to identify any additional information needed from Arizona so that the State might be able to provide it as early as possible). The letter concluded by noting that, going forward, the Intergovernmental Liaison would be happy to receive "any questions about the status" of the Department's decisionmaking process. Exhibit B at 2.

3. On August 12, 2013, Arizona filed its petition for review with this Court. It described the July 2013 letter from the Intergovernmental Liaison as a "decision of Attorney General Holder." Exhibit A.

5

On September 12, 2013, Arizona filed its statement of the issues, making clear that the States wishes for this Court to address directly whether the State meets the certification requirements of Section 2265. Exhibit C (stating that the issue is whether "Arizona's mechanism for the appointment and compensation of post-conviction relief counsel for indigent capital defendants compl[ies] with the 'opt-in' requirements of Chapter 154 [for certification]").

4. As explained above, on September 23, 2013, the Justice Department published its final rule regarding the "Certification Process for State Capital Counsel System[s]." 78 Fed. Reg. 58160 (Sept. 23, 2013).

The text of the final rule is "the same as that published in the original notice of proposed rulemaking, except for five changes to that text that were precisely described in [a] supplemental notice, further clarifying [certain] amendments … and minor technical changes." 78 Fed. Reg. at 58161. See 76 Fed. Reg. 11705 (Mar. 3, 2011) (notice of proposed rulemaking); 77 Fed. Reg. 7559 (Feb. 13, 2012) (supplemental notice).

The rule describes the standards the Attorney General will use to determine whether a State has an established mechanism for timely appointing counsel to represent capital prisoners in postconviction proceedings; benchmarks the Attorney General will use to determine whether the State presumptively has a mechanism for appointing competent counsel; and benchmarks the Attorney General will use to similarly assess the State's standards for the compensation and payment of reasonable

6

litigation expenses. In addition, the rule addresses the process by which the Attorney General will receive a State's certification request, as well as whatever relevant information the State or interested persons wish to supply. *See* 78 Fed. Reg. at 58174 (explaining that 28 C.F.R. § 26.23 will permit a State to present any information it considers relevant or useful to explain how the mechanism for which the State seeks certification satisfies the requirements, and, through a public notice and comment procedure, the public will be notified of the State's certification request and interested parties will be permitted to submit information in support of, or in opposition to, the State's request); *id.* at 58176 (explaining that 28 C.F.R. § 26.23(e) will require certification every five years).

## DISCUSSION

1. There is no jurisdictional basis for Arizona's petition, which asks this Court to review the July 2013 letter from the Justice Department's Intergovernmental Liaison. As explained above, that letter simply apprised Arizona of the Department's rulemaking and decisionmaking processes. Although Arizona's petition describes the July 2013 letter as a "decision of Attorney General Holder," Exhibit A, the letter made clear that the Attorney General had not yet made any determination on the certification request, and explained that the then-pending rulemaking would establish both procedures and standards important in the Attorney General's subsequent decisionmaking. *Id.* at 1. *Cf.* 28 U.S.C. § 2265(b) (mandating that "[t]he Attorney General shall promulgate

7

regulations to implement the certification procedure…"). The letter did not suggest in any way what the outcome of the Attorney General's decisionmaking process might be. *See, e.g.*, Exhibit B at 1 (stating that the Attorney General's review would begin while finalization of the rule was pending, as that "may help speed up the ultimate [certification] determination").

In sum, the July 2013 letter from the Intergovernmental Liaison does not present any decision or reflect any determination of the Attorney General, and Chapter 154's direct review provision is thus inapplicable. 28 U.S.C. § 2265(c) (granting this Court exclusive jurisdiction to review the Attorney General's certification determinations). Accordingly, this Court is without jurisdiction to entertain Arizona's petition for review.

2. Moreover, even if a grant of jurisdiction could be found under § 2265(c), the petition would be properly dismissed on ripeness grounds. As explained above, the Attorney General's decisionmaking process in response to Arizona's certification request is not yet consummated. *Cf. Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). As noted above, the agency rulemaking regarding certification procedures has been completed, *see* 78 Fed. Reg. 58160, and the Attorney General's evaluation of Arizona's request will be completed in accordance with those regulations. Following a determination by the Attorney General, judicial review will be available in this Court. 28 U.S.C. § 2265(c)(1).

8

Arizona's present request for review, however, would have this Court preempt those procedures and the decisionmaking role assigned by Congress to the Attorney General in the first instance. The ripeness doctrine prevents courts from "preempt[ing] and prejudic[ing] issues that are committed for initial decision to an administrative body." *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 246 (1952). By avoiding premature adjudication, the doctrine serves to prevent courts "from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967).[3]

As this Court has explained, the ripeness inquiry focuses on whether the issue presented is purely a legal one, whether the agency has taken a definitive legal position that is sufficiently final, and whether consideration of the issue would benefit from allowing the agency to develop the record. *See, e.g.*, *Reckitt Benckiser Inc. v. E.P.A.*, 613 F.3d 1131, 1137 (D.C. Cir. 2010); *see also CSI Aviation Servs., Inc. v. U.S. Dep't of Transp.*, 637 F.3d 408, 412-13 (D.C. Cir. 2011).

---

[3] That Arizona's petition would interfere in this way is apparent from the question presented for review: "Does Arizona's mechanism for the appointment and compensation of post-conviction relief counsel for indigent capital defendants comply with the 'opt-in' requirements of Chapter 154 [for certification]?" Exhibit C.

9

These factors make clear that Arizona's petition should be dismissed as premature. The question of whether certification is appropriate is not a purely legal inquiry but a matter of applying the statutory provisions of Chapter 154 and the recently promulgated regulations to the facts of Arizona's capital counsel system. The Attorney General has not issued any definitive statement about whether the State is qualified for certification under Chapter 154, and the agency's consideration of the issue is ongoing. Allowing the regulatory process to move forward will enable the agency to further develop the record by receiving additional information from Arizona, as well as comments and materials from other interested persons. *See* 28 C.F.R. § 26.23. Postponing judicial review until the record is developed and the Attorney General has actually made a certification determination is plainly appropriate.

## CONCLUSION

For the foregoing reasons, the petition for review should be dismissed.

Respectfully submitted,

STUART F. DELERY
  Assistant Attorney General

MICHAEL S. RAAB
SAMANTHA L. CHAIFETZ /s/
  (202) 514-4821
  Attorneys, Appellate Staff
  Civil Division, Department of Justice
  950 Pennsylvania Avenue, N.W., Rm. 7248
  Washington, D.C. 20530

SEPTEMBER 2013

## CERTIFICATE OF SERVICE

  I hereby certify that on the 27th day of September 2013, the foregoing motion was filed via the CM/ECF system with the Court and served via the CM/ECF system to all attorneys of record.


          /s/ Samantha L. Chaifetz
          Samantha L. Chaifetz
          Attorney for Respondent

# ATTACHMENT A

No. _____

# IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

THE STATE OF ARIZONA,

    *Petitioner,*

    —vs—

ERIC H. HOLDER, JR.,
IN HIS OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF THE UNITED
STATES,

    *Respondent.*

PETITION FOR REVIEW

       The State of Arizona hereby petitions the Court for review of the decision of Attorney General Holder dated July 16, 2013 (copy attached as Exhibit 1).

THOMAS C. HORNE
ATTORNEY GENERAL OF ARIZONA

ROBERT L. ELLMAN
SOLICITOR GENERAL

JEFFREY A. ZICK
CHIEF COUNSEL

s/ *Michele L. Forney*

MICHELE LEE FORNEY
ASSISTANT ATTORNEY GENERAL
(COUNSEL OF RECORD)
1275 WEST WASHINGTON ST.
PHOENIX, ARIZONA 85007–2997
TELEPHONE: (602) 542–4686
CADOCKET@AZAG.GOV
*Attorneys for the State of Arizona*

## Certificate of Service

I hereby certify that on this 12th day of August, 2013, I sent a copy of this Petition for Review by first class mail to:

Hon. Eric H. Holder, Jr.
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
451 7th Street S.W.

MICHELE LEE FORNEY
Counsel for Petitioner

# Exhibit 1



U.S. Department of Justice

---

*Washington, D.C. 20530*

RECEIVED

JUL 1 9 2013

ATTORNEY GENERAL
EXECUTIVE OFFICE

JUL 1 6 2013

The Honorable Tom Horne
Attorney General
Office of the Attorney General
State of Arizona
1275 West Washington Street
Phoenix, AZ  85007-2926

Dear General Horne:

This responds to your letter to the Attorney General dated April 18, 2013, requesting certification of the State of Arizona under 28 U.S.C. § 2265.

The Department has been and remains engaged in a rulemaking process in connection with the requirements of Section 2265. *See Certification Process for State Capital Counsel System*, 76 Fed. Reg. 11705 (Notice of Proposed Rulemaking, or NPRM); *Certification Process for State Capital Counsel System*, 77 Fed. Reg. 7559 (Supplemental Notice of Proposed Rulemaking, or SNPRM). The NPRM proposed a certification procedure by which the Department would solicit and consider public comments on any request for certification with the goal of enabling the Attorney General to make sound certification decisions on the basis of a robust record that takes into account views of all interested parties. The NPRM also proposed defining, within reasonable bounds, Chapter 154's requirements for certification, in part to provide notice to interested parties of the standards that the Attorney General would apply in making certification decisions.

In formulating the final rule, the Department has given careful consideration to the comments submitted by interested parties. We continue to make progress on the rulemaking—as our recent submission of the final rule for review under Executive Order 12866 indicates. We expect that the final rule will be issued in the near future. In the meantime, the Department will begin reviewing now Arizona's request for certification on the expectation that it may help speed up the ultimate determination of the certification you requested. As part of that review, we will seek to ascertain whether there is any additional information that you can provide now, even though it may not be possible for us to immediately determine all information that is needed.

While we cannot provide at this time a precise date certain by which a decision will be made, please do not hesitate to contact this office should you or another attorney in your office have any questions about the status of the Department's progress in this area. If there is any updated information we are then in a position to provide, we will be glad to provide it.

Sincerely,

Alexa Chappell
Intergovernmental Liaison

# ATTACHMENT B



**U.S. Department of Justice**

_Washington, D.C. 20530_

RECEIVED

JUL 1 9 2013

ATTORNEY GENERAL
EXECUTIVE OFFICE

JUL 1 6 2013

The Honorable Tom Horne
Attorney General
Office of the Attorney General
State of Arizona
1275 West Washington Street
Phoenix, AZ 85007-2926

Dear General Horne:

    This responds to your letter to the Attorney General dated April 18, 2013, requesting certification of the State of Arizona under 28 U.S.C. § 2265.

    The Department has been and remains engaged in a rulemaking process in connection with the requirements of Section 2265. _See Certification Process for State Capital Counsel System_, 76 Fed. Reg. 11705 (Notice of Proposed Rulemaking, or NPRM); _Certification Process for State Capital Counsel System_, 77 Fed. Reg. 7559 (Supplemental Notice of Proposed Rulemaking, or SNPRM). The NPRM proposed a certification procedure by which the Department would solicit and consider public comments on any request for certification with the goal of enabling the Attorney General to make sound certification decisions on the basis of a robust record that takes into account views of all interested parties. The NPRM also proposed defining, within reasonable bounds, Chapter 154's requirements for certification, in part to provide notice to interested parties of the standards that the Attorney General would apply in making certification decisions.

    In formulating the final rule, the Department has given careful consideration to the comments submitted by interested parties. We continue to make progress on the rulemaking—as our recent submission of the final rule for review under Executive Order 12866 indicates. We expect that the final rule will be issued in the near future. In the meantime, the Department will begin reviewing now Arizona's request for certification on the expectation that it may help speed up the ultimate determination of the certification you requested. As part of that review, we will seek to ascertain whether there is any additional information that you can provide now, even though it may not be possible for us to immediately determine all information that is needed.

While we cannot provide at this time a precise date certain by which a decision will be made, please do not hesitate to contact this office should you or another attorney in your office have any questions about the status of the Department's progress in this area. If there is any updated information we are then in a position to provide, we will be glad to provide it.

Sincerely,

Alexa Chappell
Intergovernmental Liaison

# ATTACHMENT C

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

THE STATE OF ARIZONA,

     *Petitioner,*

     --vs--

ERIC H. HOLDER, JR.,
IN HIS OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF THE UNITED
STATES,

     *Respondent.*

No. 13-1237

## Statement of Issue

Does Arizona's mechanism for the appointment and compensation of post-conviction relief counsel for indigent capital defendants comply with the "opt-in" requirements of Chapter 154 of the Anti-terrorism and Effective Death Penalty Act?

DATED: September 12, 2013

                                        Thomas C. Horne
                                        Attorney General

                                        Robert Ellman
                                        Solicitor General

                                        Jeffrey A. Zick
                                        Chief Counsel

                                        s/ Michele Forney
                                        MICHELE FORNEY
                                        ATTORNEY FOR THE STATE OF ARIZONA

On September 12, 2013, I served a copy of the Statement of Issue upon the following by using the CM/ECF electronic service:

Samantha L. Chaifetz
samantha.chaifetz@usdoj.gov
(202) 514-4821

Michael S. Raab
michael.raab@usdoj.gov
(202) 514-4053

Civil Appellate Staff
U.S. Department of Justice
950 Pennsylvania Ave, NW,
Washington, DC 20530

s/ Michele Forney
MICHELE FORNEY
ATTORNEY FOR THE STATE OF ARIZONA